UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BLASDELL,<br><br>               Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>               Defendant. | ) No. SACV 06-274-JTL<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROCEEDINGS**

On March 16, 2006, Sharon Blasdell ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for supplemental security income. On April 5, 2006, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on September 1, 2006, defendant filed an Answer to Complaint. On December 4, 2006, the parties filed their Joint Stipulation.

    The matter is now ready for decision.

///

///

**BACKGROUND**

On January 20, 2004, plaintiff filed an application for supplemental security income. (Administrative Record ["AR"] at 58-61). Plaintiff alleged that, beginning on July 5, 2002, she was unable to work because of rheumatoid arthritis, fibromyalgia, severe pain, degenerative disc disease, and spina bifida. (AR at 65). The Commissioner denied plaintiff's application for benefits, both initially and upon review. (AR at 31-36, 39-44).

Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 45). On March 23, 2005, the ALJ conducted a hearing in Orange County, California. (AR at 188-230). Plaintiff appeared at the hearing with counsel and testified. (AR at 191-208). Joselyn Bailey, a medical expert, and Ruth Arnush, a vocational expert, also testified. (AR at 208-16, 216-30).

On April 28, 2005, the ALJ issued his decision denying benefits. (AR at 15-20). In his decision, the ALJ concluded that plaintiff suffered from the severe impairments of degenerative disc disease, status post cervical fusions, and arthritis. (AR at 20). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that plaintiff's complaints of totally disabling limitations were not fully credible. (Id.). The ALJ opined that plaintiff retained the residual functional capacity to lift or carry ten pounds frequently and 20 pounds occasionally; sit for six hours in an eight-hour workday, one hour at a time; stand or walk for six hours in an eight-hour workday, one hour at a time; and frequently bend, squat, crawl, climb, and reach. (Id.). The ALJ also assessed moderate

1  restrictions from activities involving unprotected heights.  (AR at
2  20).  Relying upon the vocational expert's opinion, the ALJ determined
3  that plaintiff could perform her past relevant work.  (Id.).  The ALJ,
4  therefore, ultimately concluded that plaintiff was not disabled
5  pursuant to the Social Security Act.  (Id.).
6      Plaintiff filed a timely request with the Appeals Council for
7  review of the ALJ's decision.  (AR at 10).  On January 30, 2006, the
8  Appeals Council affirmed the ALJ's decision.  (AR at 4-6).

**PLAINTIFF'S CONTENTION**

The ALJ failed to properly consider plaintiff's subjective symptom testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be

1  upheld.  <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

## **DISCUSSION**

### **A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (1991); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).  At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity.  <u>Bowen</u>, 482 U.S. at 140.  At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities.  <u>Id.</u> at 140-41.  Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity.  <u>Id.</u> at 141.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  <u>Id.</u>  If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past.  <u>Bowen</u>, 482 U.S. at 141.  If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience.  <u>Id.</u> at 142.  The claimant is entitled to disability benefits only if he is not able to perform such work.  <u>Id.</u>

///
///

**B.     Plaintiff's Subjective Symptom Testimony**

Plaintiff objects to the ALJ's rejection of plaintiff's testimony regarding her subjective complaints. Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, as it is here, the ALJ must make explicit credibility findings, supported by "specific, cogent reasons for the disbelief." Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991).

Plaintiff testified that she experiences pain in her lower back, shoulders, neck, ribcage, and left arm, with the pain most severe in her back and neck. (AR at 196, 201, 206). At various times during the hearing, plaintiff described her pain as severe, a dull ache, stabbing, constant, and sharp, and that her back "feels broken." (AR at 201, 203, 205, 206, 204). Plaintiff further testified that she can stand for ten to fifteen minutes before she has to sit down, sit for approximately 30 minutes before she needs to stand and move around and walk for 15 to 20 minutes at a time. (AR at 196-97). The ALJ found that plaintiff's complaints were "generally credible," but did not credit her statements to the extent alleged because her complaints lacked objective findings to support them and he described her treatment as conservative. (AR at 18). As discussed below, the ALJ's reasons for rejecting plaintiff's credibility were not clear and convincing.

///
///

**1.   Objective Findings to Substantiate Plaintiff's Claims**

The ALJ cited to a lack of objective medical findings in his decision not to fully credit plaintiff's testimony regarding her subjective complaints. An ALJ cannot rely on an absence of disability findings to reject a plaintiff's credibility. A claimant need not produce evidence of pain other than her own subjective testimony. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) ("The claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof."). Nor must a claimant present objective medical evidence of a causal relationship between the impairment and the type of symptom. See Smolen, 80 F.3d at 1282; see also Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) ("[O]nce an impairment is medically established, the ALJ cannot require medical support to prove the severity of the pain."). Rather, the claimant need only "produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Bunnell, 947 F.2d at 344 (internal quotations omitted). This approach reflects the Ninth Circuit's recognition of the "highly subjective and idiosyncratic nature of pain and other such symptoms," Smolen, 80 F.3d at 1282, such that "[t]he amount of pain caused by a given physical impairment can vary greatly from individual to individual." Id. (internal quotations omitted).

Put another way, "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective

6

medical evidence." Social Security Ruling ("SSR") 96-7p.[1]  Instead, a claimant must demonstrate only two things:  "(1) [he] must produce objective medical evidence of an impairment or impairments; and (2) [he] must show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptom."  SSR 96-7p; see also SSR 96-3p.

In this case, the ALJ found that plaintiff's subjective complaints and limitations were out of proportion with the objective findings in the record.  (AR at 18).  Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence.  Lester, 81 F.3d at 834.  Here, the ALJ explicitly determined that plaintiff's degenerative disc disease, status post cervical fusions, and arthritis constituted severe impairments.  (AR at 20).  Thus, unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing."  Id.  General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.  Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988).

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies.  Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991).  Although they do not have the force of law, they are, nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

Here, the ALJ found that the record did not contain objective findings that would limit plaintiff to the degree she asserted. (AR at 18). The ALJ, however, failed to specify what evidence undermined plaintiff's credibility with respect to her subjective complaints. The record, moreover, contains objective findings indicating impairments to plaintiff's neck and back that could reasonably produce the pain of which she complained. With respect to her neck, plaintiff underwent an anterior cervical disc removal and interbody fusion C5-6 on January 27, 1983. (AR at 111). On June 27, 1984, plaintiff underwent an anterior cervical fusion C4-5. (AR at 113). On October 8, 1986, a CT scan revealed a prominent osteophyte at the C4-C5 level, with mild narrowing of the left nerve root canal. (AR at 152). On November 9, 1995, a MRI of plaintiff's cervical spine revealed broad-based 3 mm osteophyte at C6-7, small left intraforminal osteophyte at C5-6, and small left-sided osteophyte at C2-3. (AR at 143). With respect to her back, a computed tomography (CT) scan of plaintiff's lumbar spine on November 10, 1987 revealed slight spondylosis with grade II facet disease at multiple levels and grade II narrowing of the neuroforamen at L5-S1 on the right. (AR at 132). On February 28, 1991, a CT scan of plaintiff's lumbosacral spine revealed slight degenerative changes and slight dextroscoliosis in the thoracolumbar region. (AR at 149). An x-ray dated May 5, 1995 reported spina bifida occulta at S1 and mild sclerosis at the facet joint at L5. (AR at 137). In addition to these objective test results, plaintiff had been taking prescription and narcotic strength medications to treat

her pain, such as Vicodin,[2] Bextra,[3] Norco,[4] and Robaxin.[5] (AR at 141, 179, 195). Thus, to the extent the ALJ rejected plaintiff's statements that she experiences disabling pain in her lower back, shoulders, neck, ribcage, and left arm, the objective findings in the record were not clearly inconsistent with plaintiff's complaints.

**2.   Limited and Conservative Treatment**

The ALJ also cites to plaintiff's limited and conservative medical treatment as a basis to reject plaintiff's subjective complaints regarding her disabled status. (AR at 18). As discussed below, this claim fails.

An ALJ may rely on a plaintiff's conservative treatment regimen to reject a plaintiff's testimony of disabling limitations or disabling pain. <u>Fair v. Bowen</u>, 885 F.2d at 604. For example, in <u>Fair</u>

---

[2] Vicodin is "a combination of a narcotic (hydrocodone) and a non-narcotic (acetaminophen) used to relieve moderate to severe pain." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Vicodin"; then follow "Vicodin Oral" hyperlink).

[3] Bextra is used to treat rheumatoid arthritis and joing damage causing pain and loss of function. http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Bextra"; then follow "What conditions does Bextra Oral treat?" hyperlink).

[4] "This medication is a combination of a narcotic (hydrocodone) and a non-narcotic (acetaminophen) used to relieve moderate to severe pain." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Norco").

[5] Robaxin "is used along with rest and physical therapy to decrease muscle pain and spasms associated with strains, sprains or other muscle injuries." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Robaxin"; then follow "Robaxin Oral" hyperlink).

v. Bowen, the Ninth Circuit affirmed an ALJ's credibility decision where the ALJ stated, among other things, that the claimant received only minimal conservative treatment for his various complaints.  Id. But the Court also noted that a plaintiff could overcome an ALJ's credibility decision by offering a credible explanation about the lack of more serious treatment.  See id. ("While such reasoning may not hold up in all cases (there may be claimants with good reasons for not seeking treatment and credible explanations for their ability to work inside but not outside the home), it is sufficient here, as Fair has not put forward any evidence that reconciles the inconsistency between his words and his actions."); see also Smolen, 80 F.3d at 1284 (evidence of good reason existed where claimant had no insurance and could not afford treatment); see also 20 C.F.R. § 404.1530 (listing acceptable reasons for failure to follow prescribed treatment).

    Here, the ALJ's reference to plaintiff's limited and conservative treatment fails for three reasons.  First, the ALJ fails to state in any detail how plaintiff's treatment undermined her credibility, other than it was limited and conservative.  The Court finds that this proffered reason fails to be sufficiently specific.  Second, the record shows that plaintiff used narcotic medications, such as Vicodin and Norco, in order to control her pain.  (AR at 141, 179, 195).  The Court finds that the use of narcotic strength pain medications cannot be labeled as conservative.  Cf. Ruiz v. Apfel, 24 F. Supp. 2d 1045, 1049 (C.D. Cal. 1998) (rejecting plaintiff's credibility based on her conservative treatment, in part, because she had not been prescribed narcotic pain medication, as would be expected if she suffered from intense pain).

///

1    Finally, plaintiff sought treatment on a routine basis,
2 testifying that she saw her treating physician once a month. (AR at
3 203). Plaintiff further testified that her treating physician
4 recommended physical therapy, but that she did not have insurance to
5 pay for it. (Id.). Although the courts have held that "an
6 unexplained, or inadequately explained, failure to seek treatment ...
7 can cast doubt on the sincerity of [a] claimant's pain testimony,"
8 Regenniter v. Commissioner of the Social Security Administration, 166
9 F.3d 1294, 1297 (9th Cir. 1999) (citing Fair v. Bowen, 885 F.2d 597,
10 603 (9th Cir. 1989)), courts have also proscribed the rejection of a
11 claimant's complaints for lack of treatment when the record
12 establishes that the claimant could not afford it. Id. (Citing
13 Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Here, the
14 record reflects that plaintiff underwent surgical procedures, CT
15 scans, and MRIs of her back and neck intermittently throughout the
16 past two decades. (AR at 109-40, 142-54). Given the regularity of
17 her care and medical testing, the Court finds the ALJ's rejection of
18 plaintiff's credibility based on her limited and conservative
19 treatment lacks merit.
20 **C.   Remand is Required to Remedy the Defects in the ALJ's Decision**
21    The choice of whether to reverse and remand for further
22 administrative proceedings, or to reverse and simply award benefits,
23 is within the discretion of the Court. McAlister v. Sullivan, 888
24 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional
25 proceedings would remedy the defects in the ALJ's decision, and where
26 the record should be developed more fully. McAlister, 888 F.2d at
27 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award
28

1 of benefits is appropriate where no useful purpose would be served by
2 further administrative proceedings, <u>see</u> <u>Gamble v. Chater</u>, 68 F.3d 319,
3 322-23 (9th Cir. 1995), where the record has been fully developed, <u>see</u>
4 <u>Schneider v. Commissioner of the Social Security Administration</u>, 223
5 F.3d 968, 976 (9th Cir. 2000); <u>Ramirez v. Shalala</u>, 8 F.3d 1449, 1455
6 (9th Cir. 1993), or where remand would unnecessarily delay the receipt
7 of benefits.  <u>See</u> <u>Smolen</u>, 80 F.3d at 1292.

    Here, the Court finds remand appropriate.  The reasons cited by the ALJ in support of his rejection of plaintiff's credibility are insufficient.  On remand, the ALJ must provide specific and cogent reasons in support of his finding that plaintiff's allegations regarding her subjective complaints are not fully credible.

**ORDER**

    The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

    **LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: February 6, 2007

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE